# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| **Rachelle Brummel,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Number |
| | ) 18-00211-CV-W-JTM |
| **Humana Insurance Company,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

On March 19 2018, defendant Humana Insurance Company ("Humana") removed this automobile accident case to this Court from the Circuit Court of Jackson County, Missouri. The next day, plaintiff Rachelle Brummel ("Brummel") filed the pending PLAINTIFF'S MOTION TO REMAND, alleging that Humana's efforts to remove the case are untimely [Doc. 4]. In a prior order, the Court noted that the case presented a recurring issue in diversity-of-citizenship cases removed from jurisdictions like Missouri that do not allow for amounts-in-controversy to be plead in state court pleadings – namely, what triggers the thirty-day period during which a defendant may remove a complaint to federal court under 28 U.S.C. § 1446(b). There is no dispute as to the controlling statutory provision in such cases. The removal statute provides that the 30-day deadline is triggered by the removing party "rec[eiving] . . . a copy of an amended pleading, motion, order or other paper from which it [can] first be ascertained that the case is one which is or has become removable." *Knudson v. System Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011) (*quoting* 28 U.S.C. § 1446(b)(3)). In order to resolve the remand issue, the Court ordered the parties to provide:

> (1) any paper that the parties contended was the first notice to Humana of an amount in controversy exceeded $75,000.00 in this case, and
>
> (2) any clear evidence as to when such paper was received by Humana.

The parties have now provided supplemental documentation to the Court. Based on the record thus presented to the Court, the motion to remand is denied.

The documentation provided by Humana shows that on January 4, 2018, Humana issued a decision on coverageon claims that had been filed Brummel, one of its insureds. In that decision, Humana approved reprocessing for ten claim numbers submitted by Brummel, but denied an eleventh claim, No. 502976762. The latter claim involved treatment received by Brummel at Centerpoint Medical Center and incurred charges of $127,964.69. Also on January 4, 2018, Brummel filed her action against Humana in the Circuit Court of Jackson County, Missouri. Subsequently, on March 13, 2018, Brummel's counsel sent an email to Humana's counsel, noting that he had "attached some of our correspondence in trying to resolve this issue with Humana." Specifically attached to the email was a copy of the Humana coverage appeal decision as well as a copy of the denied $127,964.69 charge from Centerpoint Medical Center. Humana contends that the receipt of the email was the first written notice to it that Brummel was seeking in excess of $75,000 in damages in her lawsuit.

Brummel's submitted documentation shows that Humana was aware as early as August 3, 2017 that Brummel was represented by counsel (the same counsel representing Brummel in this lawsuit) in the coverage appeal process. On November 15, 2017, Brummel's counsel wrote to Humana and maintained that Humana had engaged in bad faith handling practices." The letter, however, made no mention of the lawsuit that would later be filed nor demanded any amount to resolve the dispute.

Brummel essentially takes the position that Humana had all of the information necessary to determine that the amount-in-controversy exceeded $75,000 when the case was first filed in state court and, thus, it was incumbent on Humana to remove the case within 30 days of being served with the state court petition. Certainly, Humana had information that would have shown that Brummel <u>might</u> be claiming an amount-in-controversy in excess of $75,000 given the disputed Centerpoint Medical Center charge. But the Eighth Circuit seems to require a clearer statement in writing that a plaintiff is actually seeking more than $75,000 in a particular lawsuit. *In re Willis,* 228 F.3d 896 (8th Cir. 2000)

As addressed in the Court's prior order, in *Willis,* a Missouri resident filed a personal-injury action against a Virginia defendant in Missouri state court seeking damages for pain and suffering, permanent disability, and wage loss. *Id.* at 897. The complaint, however, did not explicitly disclose the amount of damages sought. *Id.* After the defendant removed the case to federal court, the plaintiff filed a motion to remand, arguing that the removal was untimely because the removal notice was filed more than thirty days after the defendant had received a copy of the plaintiff's complaint. *Id.* The court disagreed that the removal was untimely, noting "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *Id.* Such a rule, the court reasoned "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.*

The *Willis* decision has been subsequently interpreted as effectively rejecting arguments that the amount in controversy can be satisfied if a defendant can "reasonably glean" the amount from the complaint. *See, e.g., Moltner v. Starbucks Coffee Co.,* 624 F.3d 34, 37, 38 (2d Cir.

2010) (approvingly citing *Willis* and stating that the Second Circuit was "join[ing] the Eighth Circuit . . . in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought" and rejecting an argument that the "removal clock runs from the service of the complaint, even where the complaint does not specify the amount of monetary damages sought, when the defendant can reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement").[1]

At a minimum, in cases, such as the case before the Court, where a petition is silent as to the amount-in-controversy, the Eighth Circuit has explicitly found that the receipt of the complaint by the defendant does not in itself trigger the 30-day period for removing a case. As stated *supra*, in those instances, the 30-day period is triggered by the removing party "rec[eiving] . . . a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *Knudson v. System Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011) (*quoting* 28 U.S.C. § 1446(b)(3)). In most situations, the statute would seem to contemplate a post-initial-petition "paper." As explained by one court:

> The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. . . . Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. . . . By its plain terms the statute requires that if an "other paper" is to trigger the

---

[1] In the Eighth Circuit, the reverse proposition is unquestionably true. A removing defendant cannot satisfy the requirements of diversity-of-citizenship removal by merely arguing the amount-in-controversy can be gleaned from a complaint because "it is 'facially apparent in the complaint' that the amount in controversy exceeds $75,000." *Allen v. Bayer Healthcare Pharm., Inc.*, 2014 WL 655585, op. at *5 (E.D. Mo. Feb. 20, 2014).

4

> thirty-day time period of the second paragraph of § 1446(b), the
> defendant must receive the "other paper" only after it receives the
> initial pleading. Finally, we believe that our holding that the
> "other paper" must be received after the filing of the initial
> pleading is supported by the recitation in the second paragraph of §
> 1446(b) of the words "amended pleading, motion, order" before
> the words "or other paper," which clearly refer to actions normally
> and logically occurring after the filing of the initial pleading.

*Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164, 1992 WL 189608 (5th Cir. 1992).[2] *See also Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.,* 2009 WL 4855700, op. at *4 (M.D. Fla. Dec. 10, 2009) ("[T]he polices regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants [because] if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. § 1446(b), defendants would be forced to 'guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests.'").

This is admittedly a difficult case. A plaintiff's choice of forum is deserving of respect and should not be lightly set aside. And jurisdictions like Missouri that prohibit explicit damages pleadings (albeit for good public policy reasons) complicate the removal analysis. The opportunities are ripe for both a plaintiff and a defendants to play cat-and-mouse games with questions regarding the actual amount-in-controversy in a lawsuit and when such amount is known to a defendant. In an effort to clarify and draw a bright line, the Eighth Circuit and other federal courts have adopted a seemingly simple and straightforward test:

---

[2] Such a conclusion is consistent with the fact that in many cases, a plaintiff may have a legitimate or potential claim to damages in excess of $75,000, but the plaintiff – when confronted with a possible removal – will specifically stipulate to not seeking more than that amount so as to defeat diversity-of-citizenship jurisdiction. *See, e.g., Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F. Supp. 1010, 1011 (W.D. Mo. 1990).

> If a plaintiff's petition does not state an amount-in-controversy, then the 30-day removal period only begins to run when the defendant receives a "paper" (most likely post-petition) from which the defendant can ascertain "that the case" involves an amount-in-controversy exceeding $75,000.

Applying those criteria, the Court concludes that Humana has met its burden to show that the notice of removal was timely under 28 U.S.C. § 1446(b)(3).

In accordance with the foregoing discussion, it is

**ORDERED** that PLAINTIFF'S MOTION TO REMAND, filed March 20, 2018 [Doc. 4] is **DENIED**.

                                          */s/ John T. Maughmer*
                                            **John T. Maughmer**
                                     **United States Magistrate Judge**